

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

**ENTERED**
**06/19/2013**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 12-70469** |
| **ANZALDUAS BUSINESS PARK, L.P.,** | § | **CHAPTER 7** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| **DOMIT LAND DEVELOPMENT, L.P.,** *et al* | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 12-07022** |
| | § | |
| **INTER NATIONAL BANK** | § | |
| | § | |
| Defendant(s). | § | |

## <u>MEMORANDUM OPINION</u>

Defendant Inter National Bank's ("Inter National"), Motion for Summary Judgment on Declaratory Judgment Claims, (ECF No. 30),[1] is granted, in part and denied, in part.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

### Background

This adversary proceeding arises from a cause of action, *Domit Land Development, L.P. ("Domit LP") and Anzalduas Business Park, L.P. ("Anzalduas LP") by and through David N. Calvillo, Court Appointed Receiver v. Inter National*, brought in the 370th Judicial District,

---

[1] Inter National originally filed a Motion for Partial Summary Judgment and Brief in Support on January 30, 2013. ECF No. 7. The original Motion for Summary Judgment is fully incorporated in this Motion.

Hildago County, Texas as Case No. C-233-11-E, on January 27, 2011.  ECF No. 1-1.  Inter National filed its Original Answer in state court on February 22, 2011.  ECF No. 1-1 at 28.  The case was subsequently removed to this Court by Inter National on October 26, 2012.  ECF No. 1.

On August 4, 2006, Domit LP executed a promissory note payable to Inter National in the original principal amount of $1,841,200.00.  ECF No. 30 at 3.  In connection with the execution of the Note, Mr. Domit executed the Deed of Trust on behalf of Anzalduas Business Park GP ("Anzalduas GP"), the sole general partner of Anzalduas LP, pledging real property of Anzalduas LP as security for the Note.  ECF No. 30 at 3.  The Note was extended on September 1, 2007, September 1, 2008 and March 1, 2009.[2]  ECF No. 30 at 3.  On the same date, Mr. Domit executed an absolute and unconditional personal guaranty, guaranteeing payment of the Note, including all renewals, extensions, refinancing and modifications (the "Guaranty").  ECF No. 7 at 2.

Domit LP defaulted under the Note and a foreclosure sale took place on June 1, 2010.  ECF No. 7 at 2.  At the time of the foreclosure sale, David N. Calvillo (the "Receiver") was serving as court appointed receiver over the foreclosed property.[3]  ECF No. 1-1 at 3.  Domit LP and Anzalduas LP allege that Inter National mailed the acceleration letter and notice of foreclosure to Mr. Domit at his previous address, but failed to notify the Receiver.  ECF No. 1-1 at 4-5.  Domit LP and Anzalduas LP further allege that an Inter National commissioned appraisal valued the property at over $3,400,000.00, yet Inter National bid only $2,026,614.00 at

---

[2] The original promissory note and its three extensions are hereinafter referred to as the "Note".

[3] The Receiver was appointed over all of the marital property of Antun and Maria Domit. ECF No. 1-1 at 2, 5. This included the Anzalduas LP land securing the Note.

the foreclosure sale. ECF No. 1-1 at 5. Inter National concedes that because the property was the subject of a court appointed receiver, the foreclosure sale is void. ECF No. 7 at 2.

Domit LP and Anzalduas LP request a declaratory judgment that (1) the foreclosure sale of the property is null and void; (2) that Anzalduas LP is the owner of the property in question; (3) that the second lien granted to Inter National upon Anzalduas LP's land was not properly authorized and is void. ECF No. 1-1 at 6.

Domit LP and Anzalduas LP also seek damages resulting from the wrongful foreclosure. ECF No. 1-1 at 6. Because Domit LP and Anzalduas LP allege that the property was appraised at a value over $3,400,000.00, but only realized $2,026,614.00 at the foreclosure sale, they assert that they are entitled to damages including, but not limited to, the difference between the value of the property and the amount properly owed on the promissory note. ECF No. 1-1 at 6.

Domit LP and Anzalduas LP also bring a claim of conspiracy alleging that Inter National was aware that Domit LP had no ownership interest in the land pledged as collateral. ECF No. 1-1 at 7. They allege that as a condition of grating the loan to Domit LP, Inter National demanded, conspired and structured the loan in order to wrongfully acquire Anzalduas LP's property as collateral. ECF No. 1-1 at 7. They claim that Anzalduas LP at no time authorized Anzalduas GP to encumber Anzalduas LP's property. ECF No. 1-1 at 7.

**Inter National Counter-Claim**

On February 7, 2013, Inter National filed its Motion for Leave to File Third Amended Counter-Claim and Third-Party Complaint. ECF No. 9. A copy of the Third Amended Counter-Claim and Third-Party Complaint is attached to the Motion as Exhibit A.[4]

---

[4] Pursuant to this Memorandum Opinion, the Court will issue an order granting Inter National's Motion for Leave to Amend. The Court will cite to ECF No. 9-1 when referring to the Third Amended Counter-Claim and Third-Party Petition.

Inter National's counter-claim alleges that Domit LP breached the terms of the Note by failing to pay the balance of the principal and accrued interest.  ECF No. 9-1 at 5.  As of June 5, 2012, the balance of principal and accrued interest due under the Note was $2,313,671.25, with interest continuing to accrue.  ECF No. 9-1 at 5.  Inter National also claims that it is entitled to recover its reasonable legal fees as provided by the Note.  ECF No. 9-1 at 5.

**Inter National Third-Party Claims**

Inter National asserts a third-party claim against Domit Land Development GP ("Domit GP"), that as the general partner of Domit LP, Domit GP is jointly and severally liable for the debt owed to Inter National.  ECF No. 9-1 at 5.  Inter National asserts a third-party claim against Mr. Domit for breach of the Guaranty.  ECF No. 9-1 at 6.  The third-party claims against both Domit GP and Mr. Domit are in the amount of the principal and interest due under the loan as of June 5, 2012 in the amount of $2,313,671.25, with interest continuing to accrue.  ECF No. 9-1 at 6.

Inter National asserts a third-party claim against Anzalduas LP and Anzalduas GP seeking a declaratory judgment that Anzalduas GP had actual or apparent authority to pledge Anzalduas LP's property as collateral in executing the Note.  ECF No. 9-1 at 6.  Inter National claims that actual authority was given to Anzalduas GP in Anzalduas LP's Partnership Agreement (ECF No. 30-8), which provides in pertinent part that:

> "Subject to specific rights given to the Limited Partners in this Agreement, all decisions respecting any matter affecting or arising out of the conduct of the business of the Partnership shall be made by the General Partner who shall have the exclusive right and full authority to manage, conduct, and operate the Partnership business."

ECF No. 30-8 at 21.

> "With respect to all of its obligations, powers, and responsibilities under this Agreement, the General Partner is authorized to execute and deliver, for and on behalf of the Partnership, such notes and other evidence of indebtedness, contracts, agreements, assignments, deeds, leases, loan agreements, mortgages, and other security instruments and agreements in such form, and on such terms and conditions, as the General Partner in the General Partner's sole discretion deems proper."

ECF No. 30-8 at 21.

> "The Partnership may sell, lease, transfer, exchange, grant options with respect to, or otherwise dispose of the Partnership Property… the General Partner may make such contracts, deeds, leases, and any other instruments it deems proper under the immediate circumstances, and may deal with the Partnership Property in all other ways in which a natural person could deal with his or her property."

ECF No. 30-8 at 31.

Inter National argues, in the alternative, that if Anzalduas GP did not have actual or apparent authority to pledge the assets of Anzalduas LP, Anzalduas GP and Mr. Domit are liable for committing fraud against Inter National.  ECF No. 9-1 at 7.  Anzalduas GP through its sole manager, Mr. Domit, represented to Inter National that it had authority to pledge Anzalduas LP's property.  ECF No. 9-1 at 7.  This representation was material to Inter National's decision to make the loan to Domit LP.  ECF No. 9-1 at 7.  Mr. Domit intended for Inter National to rely, and Inter National did rely, on the representation.  ECF No. 9-1 at 7.

**Inter National Motion for Summary Judgment**

Inter National filed its Motion for Partial Summary Judgment and Brief in Support, (ECF No. 7), on January 30, 2013.  Mr. Domit filed his Affidavit of Antun Domit in Opposition to All Pending Motions of Inter National Bank for Summary Judgment.  ECF No. 8.  Mr. Domit

filed his Demand for Jury Trial on February 26, 2013.[5]  ECF No. 14.  On March 2, 2013, Mr.
Domit filed Motion of Antun Domit, Individually for Leave to File Answer and File Amended
Affidavit in Opposition to Motion for Summary Judgment.  ECF No. 17.  Inter National filed its
Response on March 19, 2013.  ECF No. 25.  On March 29, 2013, the Court granted Mr. Domit's
Motion, giving Mr. Domit 14 days to file an answer and amended affidavit in opposition to
summary judgment.  ECF No. 28.

Inter National filed its Motion for Summary Judgment on Declaratory Judgment Claims
(incorporating its Motion at ECF No. 7) on April 5, 2013.  ECF No. 30.  On April 11, 2013, Mr.
Domit filed his Amended Affidavit of Antun T. Domit in Opposition to All Pending Motions of
Inter National Bank for Summary Judgment on Declaratory Judgment Claims and to All Factual
Allegations against Him in Inter National Bank's Third Amended Counter Claim and Third Party
Complaint, (ECF No. 32), and his Verified Answer of Antun T. Domit, Individually to be Also
Utilized in Opposition to Motion for Summary Judgment on Declaratory Judgment Claim of
Inter National Bank, (ECF No. 33).   To date, Domit LP and Anzalduas LP have not filed a
response.

### Summary Judgment Evidence

Inter National offered the following summary judgment evidence:

The following was submitted with Inter National's Motion for Partial Summary
Judgment and Brief in Support (ECF No. 7):

- Exhibit A:     The Note

- Exhibit B:     September 1, 2007 extension of the Note

---

[5] No motion to withdraw the reference has been filed. Additionally, because this is an interlocutory order, the Court
need not address at this time the issue of this Court's authority to enter a final judgment.  *See, e.g. Hernandez v.
Hernandez, et al. (In re Hernandez)*, 2013 WL 705351, at *1 (Bankr. S.D. Tex. Feb. 25, 2013).

- Exhibit C:     September 1, 2008 extension of the Note

- Exhibit D:     March 1, 2009 extension of the Note

- Exhibit E:     The Guaranty

- Exhibit F:     Affidavit of Luis Moreno

- Exhibit G:     Affidavit of Michael A. McGurk

The following was submitted with Inter National Bank's Motion for Summary Judgment on Declaratory Judgment Claims (ECF No. 30):

- Exhibit A:     Declaration of Osvaldo Araiza

- Exhibit B:     The Note

- Exhibit C:     The Deed of Trust

- Exhibit D:     Resolution of Anzalduas GP (authorizing Mr. Domit to execute Deed of Trust)

- Exhibit E:     September 1, 2007 extension of the Note

- Exhibit F:     September 1, 2008 extension of the Note

- Exhibit G:     March 1, 2009 extension of the Note

- Exhibit H:     The Partnership Agreement of A.H.D. & McColl, L.P.

- Exhibit I:     Certificate of Amendment of the Certificate of Limited Partnership of A.H.D. & McColl, L.P. (changing name to Anzalduas LP)

- Exhibit J:     Anzalduas LP Amendment to Agreement of Limited Partnership (naming Anzalduas GP as general partner and Mr. Domit as manager)

- Exhibit K:     Articles of Organization of Anzalduas GP

- Exhibit L:     Declaration of Scott A. Wheatley

Mr. Domit offered the following summary judgment evidence:

- ECF No. 32:  Amended Affidavit of Antun T. Domit in Opposition to All Pending Motions of Inter National Bank for Summary Judgment on Declaratory Judgment Claims and to All Factual Allegations against Him in Inter National Bank's Third Amended Counter Claim and Third Party Complaint

## Analysis

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the

fact.[6]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.

---

[6] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

*Norwegian Bulk Transp. A/S*, 520 F.3d at 412.   Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.   *Celotex*, 477 U.S. at 324.   The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.   *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Causes of Action**

### A.  Wrongful Foreclosure

Inter National has admitted that the foreclosure sale was rendered void because there was a court-appointed receiver in place at the time of the sale.   Domit LP and Anzalduas LP allege that the property was appraised at a value over $3,400,000.00, but only realized $2,026,614.00 at the foreclosure sale.   They assert that they are entitled to damages including but not limited to, the difference between the value of the property and the amount properly owed on the promissory note. The damages are premised on the incorrect assumption that a completed foreclosure resulted in the loss of the land at a below market price. Because the foreclosure sale is void, there was no sale at an alleged below market price, and Domit LP and Anzalduas LP are not entitled to these enumerated damages.   There may be other damages arising from the foreclosure, leaving a genuine issue of material fact as to the amount of damages resulting from the foreclosure sale.   Summary judgment is denied with respect to this claim.

### B.  Conspiracy

Under Texas law, the elements of an actionable civil conspiracy are, (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result.   *Tri, et al. v. J.T.T., et al.*, 162 S.W.3d 552, 556 (Tex. 2005).

Under Texas law, civil conspiracy is subject to a two year statute of limitations. *See, e.g. Cook-Bell v. Mortg. Elec. Registration Sys., Inc., et al.*, 868 F.Supp.2d 585, 590 (N.D. Tex. 2012); *see also TMIRS Enterprises L.T.D. v. Godaddy.com, Inc., et al.*, 2010 WL 3063659, at *7 (S.D. Tex. Aug. 3, 2010).

The general rule in Texas is that a cause of action accrues when a wrongful act causes some legal injury, even if the injury is not discovered until later, and all resulting damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Courts have applied an exception to the general rule, the discovery rule, which provides that an action does not accrue until the plaintiff knew, or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. *Id.* The discovery rule applies when the nature of the injury is inherently undiscoverable and the injury is objectively verifiable. *HECI Exploration Co., et al. v. Neel, et al.*, 982 S.W.2d 881, 886 (Tex. 1998).

Domit LP and Anzalduas LP's conspiracy claim accrued at the time the Deed of Trust was executed—August 11, 2006. Under Texas law, the statute of limitations for civil conspiracy is two years. There is no evidence that the discovery rule applies in this instance. Because the statute of limitations has expired, summary judgment is granted in favor of Inter National on the conspiracy claim.

### C. Third Party Claim against Domit LP

The elements required to bring suit on a note are: (1) the existence of the note; (2) that defendant signed the note; (3) that plaintiff was the holder of the note; and (4) that a balance was due and owing under the note. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 602 (Tex. App.—San Antonio 2005).

11 / 15

Existence of the Note is proven by the Second Real Estate Lien Note and its subsequent extensions—ECF No. 7, Exhibits A through D.  These same Exhibits prove that Domit LP signed the Note.  Proof that Inter National was the holder of the Note is provided by the Affidavit of Luis Moreno—ECF No. 7, Exhibit F.  Mr. Moreno is a Senior Workout Relationship Specialist at Solida USA, LLC, servicing agent for Inter National.  His Affidavit provides that Inter National is in possession of and paid value for the Note.  Proof of a balance due and owing under the Note is provided by the Note and Mr. Moreno's Affidavit.  The Note shows that the final extension of the Note had a maturity date of March 1, 2010.  *See* Exhibit D.  Mr. Moreno's Affidavit provides that as of December 2, 2011, the current balance of principal and interest was $2,240,937.25, with interest continuing to accrue at the rate of $385.6666 per day.[7]  ECF No. 7-6 at 2.

There is no genuine issue of material fact regarding the elements for suit on a note.  Summary judgment is granted in favor of Inter National on its claim against Domit LP in the amount of $2,456,139.25[8] as of June 12, 2013, with interest continuing to accrue at the rate of $385.6666 per day.

---

[7] The March 1, 2009 extension of the Note provides that interest will accrue at a fluctuating rate equal to the Inter National Bank Prime Rate, but in no event less than 7.50%. ECF No. 30-7 at 1. The interest rate is computed on the basis of a year containing 360 days for the actual number of days elapsed. Pursuant to these terms, interest should accrue at a rate of $383.583 per day—$2.086 less per day than the $385.6666 provided in Mr. Moreno's Affidavit. The March 1, 2009 extension further provides that after maturity, interest will accrue on the entire unpaid balance, at a rate equal to the greater of 18% or the quarterly ceiling in effect on the date the note is signed under Article 5069-1.04, Revised Civil Statutes of Texas. The $2.086 per day discrepancy is negligible; and because Inter National failed to provide evidence that a higher interest rate is applicable beginning after the date of maturity, the Court will apply the daily interest rate provided in Mr. Moreno's Affidavit.

[8] Inter National asserts that as of June 5, 2012, the balance of principal and accrued interest due under the Note was $2,313,671.25. With interest accruing at $385.6666 per day, principal and accrued interest as of June 5, 2012 should be $2,312,671.25—exactly $1,000.00 less than the figure provided in Mr. Moreno's Affidavit. The Court arrives at the figure of $2,456,139.25 in principal and accrued interest as of June 12, 2013 by using $2,312,671.25 as the amount of principal and accrued interest as of June 5, 2012.  The lower amount will be treated as the correct amount.

**D.  Third Party Claim against Antun Domit**

To prevail on a suit on a guaranty a plaintiff must show: (1) existence and ownership of the contract; (2) that plaintiff completed performance under the contract; (3) occurrence of the condition on which the guarantor's liability is based; and (4) failure or refusal of the guarantor to perform. *Barclay v. Waxahachie  Bank & Trust Co., et al.*, 568 S.W.2d 721, 723 (Tex. Civ. App. 1978).

Existence of the Note is proven by the Second Real Estate Lien Note and its subsequent extensions—ECF No. 7, Exhibits A through D.   Existence of the Guaranty is proven by the Guaranty—ECF No. 7, Exhibit F.  Inter National's performance under the contract is proven by the Note, the Guaranty, and Mr. Moreno's Affidavit, which provides that Inter National paid value for the Note.  These same Exhibits prove failure of performance by Mr. Domit, as the maturity date of the final extension has passed and the Note is in default.

There is no genuine issue of material fact regarding the elements for suit on a guaranty. Summary judgment is granted in favor of Inter National on its claim against Mr. Domit in the amount of $2,456,139.25 as of June 12, 2013, with interest continuing to accrue at the rate of $385.6666 per day.

**E.  Liability of Domit GP**

Under the Texas Business Organizations Code § 152.304, all partners are jointly and severally liable for all obligations of the partnership.  Texas Business Organizations Code § 153.152(b) provides that a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners.  These sections taken together establish joint and several liability of the general partner in a limited partnership.

It is undisputed that Domit GP is the general partner of Domit LP.  *See* ECF No. 1-1 at 3. Domit GP as general partner is jointly and severally liable for the obligations of Domit LP. Summary judgment is granted in favor of Inter National on its claim against Domit GP in the amount of $2,456,139.25 as of June 12, 2013, with interest continuing to accrue at the rate of $385.6666 per day.

### F.  Declaratory Relief against Anzalduas Entities

An agency relationship is established by showing that an agent acted with actual or apparent authority.  *Gaines, et al. v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007).  Actual authority arises from a communication by the principal to the agent.  *Id.*  Apparent authority arises from communication by the principal to a third party.  *Id.*

The undisputed facts show that Anzalduas GP had actual authority to act as the agent of Anzalduas LP.  The Partnership Agreement provides that the general partner is authorized to execute security instruments and agreements, for and on behalf of the Partnership on such terms and conditions as the General Partner, in its sole discretion, deems proper.  The Partnership Agreement is evidence of actual authority granted from Anzalduas LP to Anzalduas GP to execute the Deed of Trust.  Because the Court finds that Anzalduas GP had actual authority to execute the Deed of Trust, it need not reach Inter National's alternative claim of fraud.

The Deed of Trust is valid and enforceable.  Summary judgment is granted in favor of Inter National on its claim for declaratory relief against Anzalduas LP and Anzalduas GP.

### G.  Legal Fees

Pursuant to the Note, Deed of Trust and Guaranty, Inter National is entitled to recover reasonable legal fees and costs associated with prosecuting its claim.  ECF No. 30 at 7.  Inter National provides the Affidavit of Scott A. Wheatley—ECF No. 30, Exhibit L, in support of its

request for legal fees. ECF No. 30-12. Jackson Walker was employed by Fidelity National Title Insurance Company to defend its insured, Inter National, in the suit brought by Domit LP and Anzalduas LP. ECF No. 30-12 at 2. Mr. Wheatley asserts that Jackson Walker has incurred reasonable and necessary legal fees of $62,013.00 and expenses of $2,876.56 for a total of $64,899.56. ECF No. 30-12 at 3. Mr. Wheatley believes that in the event of an appeal, his firm will spend $30,000.00 for each level of appeal (the district court and Fifth Circuit), for a total of $60,000.00. ECF No. 30-12 at 4. In the event of an appeal to the United States Supreme Court, Mr. Wheatley believes the firm will spend $20,000.00 on a writ of certiorari, and an additional $30,000.00 if the writ were granted. ECF No. 30-12 at 4. There is no evidence before the Court to refute Mr. Wheatley's affidavit.

Legal fees and costs in the amount of $64,899.56 are awarded to Inter National. Should there be an appeal to the Fifth Circuit, an additional $60,000.00 in legal fees will be awarded. Should there be an appeal to the United States Supreme Court, an additional $20,000.00 in legal fees will be awarded; and an additional $30,000 if the writ of certiorari is granted.

### Conclusion

The Court will enter orders consistent with this Memorandum Opinion.

SIGNED **June 19, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE