



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
09/30/2013

| | | |
|---|---|---|
| IN RE: § | | |
| ANZALDUAS BUSINESS PARK, L.P. § | CASE NO: 12-70469 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| DOMIT LAND DEVELOPMENT, L.P., *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 12-07022 | |
| § | | |
| INTER NATIONAL BANK § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Defendant Inter National Bank's Motion for Summary Judgment (ECF No. 40) on Domit Land Development, L.P.'s wrongful foreclosure claim is granted.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

### Background

On June 19, 2013, the Court issued a Memorandum Opinion that disposed of nearly all claims in this case. (ECF No. 34). The background of this case is set forth in that Memorandum Opinion and is incorporated by reference. (ECF No. 34 at 1-3). The only unresolved claim is the wrongful foreclosure claim asserted against Inter National Bank.

## Analysis

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

*v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Wrongful Foreclosure Action**

On June 19, the Court denied the motion for summary judgment because there was a genuine issue of material fact as to the amount of damages, if any, resulting from the foreclosure sale:

> Inter National has admitted that the foreclosure sale was rendered void because there was a court-appointed receiver in place at the time of the sale. Domit LP and Anzalduas LP allege that the property was appraised at a value over $3,400,000.00, but only realized $2,026,614.00 at the foreclosure sale. They assert that they are entitled to damages including but not limited to, the difference between the value of the property and the amount properly owed on the promissory note. The damages are premised on the incorrect assumption that a completed foreclosure resulted in the loss of the land at a below market price. Because the foreclosure sale is void, there was no sale at an alleged below market price, and Domit LP and Anzalduas LP are not entitled to these enumerated damages. ***There may be other damages arising from the foreclosure, leaving a genuine issue of material fact as to the amount of damages resulting from the foreclosure sale.*** Summary judgment is denied with respect to this claim.

(Case No. 12-7022, ECF No. 34).

Accordingly, the only remaining issue was whether Domit suffered other damages resulting from the foreclosure. Inter National Bank argues that Domit has not suffered any damages because "Plaintiffs never suffered a loss of possession to the subject property." (ECF No. 40 at 2). Inter National cites to numerous cases that have held that the mortgagor must suffer some loss of possession in order to recover for a wrongful foreclosure action. *See e.g., Peterson v. Black*, 980 S.W.2d 818 (Tex. App. 1998); *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986 (Tex. Civ. App. 1935).

Domit has not presented any evidence of its damages that are separate from the difference between the foreclosure bid price and the value of the property. In response to Inter National's assertion that there was no loss of possession, Domit argues that the Bank is "presumptively in possession" of the property because "there is no evidence presented that title is in anyone's name

except International Bank's." (ECF No. 41 at 5). Plaintiff's argument that Inter National Bank's holding title of the property creates a presumption of its possession of the property misstates the settled common law property rule that "a person holding the title of property is presumed to be the owner." *See, e.g.*, *McAffee v. McAffee*, 132 Idaho 281, 288, 971 P.2d 734, 741 (Ct. App. 1999). Domit has not articulated any damages it suffered as a result of the title transfer.

Domit does not allege that Inter National Bank interfered with its possession of the property. Nor does it claim that Inter National's filing of the foreclosure deed interfered with its ability to sell the subject property. There are no genuine issues of material fact as to damages resulting from the foreclosure.

## Conclusion

For the foregoing reasons, Inter National Bank's Motion for Summary Judgment on the wrongful foreclosure claim is granted.

SIGNED **September 30, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE